**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| GARY FAREED, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 1:13-CV-03160-RWS |
| COBB COUNTY SCHOOL | : |
| DISTRICT, INC. and COBB | : |
| COUNTY SCHOOL DISTRICT | : |
| HUMAN RESOURCES, | : |
| | |
| Defendants. | |

## **ORDER**

This case is before the Court on Defendants' Motion to Dismiss [2], Plaintiff's First Motion to Amend [7], and Plaintiff's Second Motion to Amend [11]. After reviewing the record and the Parties' submissions, the Court enters the following Order.

## **Background[1]**

From October 2012 to May 2013, Plaintiff was employed by the Cobb County Public Safety Department as a school Patrol Officer. Some time around May 25, 2013, Cobb County students were released for summer break and

---

[1] At the motion to dismiss phase, the Court accepts as true all well-pleaded facts in the Complaint.

Plaintiff's work ended. Plaintiff assumed he would return to his position when the school year resumed in the Fall. Plaintiff was informed, however, that his position had been moved from the Public Safety Department to the Cobb County School District ("CCSD").

Plaintiff alleges that he was told he would be returning to his position on August 7, 2013. He was instructed by CCSD to complete an application, which he did. On August 7, Plaintiff was told by Kevin Kiger, human resources supervisor for CCSD, to report on August 13, 2012, for the paperwork process. However, on August 9, Kiger called Plaintiff and told him not to report to work until Plaintiff contacted Kiger's office. Plaintiff called the office on August 12, at which time Kiger told Plaintiff that he would have to check with his supervisors before Plaintiff could report to work. Later that same day, Kiger called Plaintiff to inform him that he was disqualified from the position because of his criminal background. Plaintiff states that he disclosed his criminal conviction on the CCSD application and to his former employers in the Public Safety Department.

Based on the aforementioned allegations, Plaintiff seeks compensatory and punitive damages for intentional infliction of emotional distress (count I)

AO 72A
(Rev.8/82)

and breach of the covenant of good faith and fair dealing (count II), wrongful termination, and violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.[2]

## Discussion

### I.    Plaintiff's Motions to Amend

Both of Plaintiff's motions to amend seek to add the Cobb County Board of Education as a defendant in this matter. (See [7], [11].) Plaintiff does not seek in either motion to add factual allegations or claims. (Id.) Thus, the Court finds the earlier motion [7] moot and considers the merits of the later-filed motion [11].

Defendants oppose Plaintiff's motion on grounds that amendment would be futile.[3] (See generally, Def.s' Resp., [12].) Although leave to amend should be freely given under Federal Rule of Civil Procedure ("Rule") 15(a)(2), Defendants are correct that leave may be denied on grounds of futility. See Mann v. Palmer, 713 F.3d 1306, 1316 (11th Cir. 2013) ("Although leave to

---

[2] The last two claims are not listed as separate counts, but because Plaintiff is proceeding pro se, the Court liberally construes the Complaint.

[3] Defendants' argument is the same for both of Plaintiff's motions to amend. Again, the Court considers the later submission.

3

amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment.") (internal quotations and citation omitted). Amendments that would not withstand a motion to dismiss are futile. Fla. Power & Light Co. v. Allis Chalmers Corp., 85 F.3d 1514, 1520-21 (11th Cir. 1996).

Defendants argue that the Board of Education is not an entity subject to suit, and therefore any claims against it would be subject to dismissal. (Def.s' Resp., [12] at 5-6 of 10.) The Court agrees with Defendants. "[A] county board of education, unlike the school district which it manages, is not a body corporate and does not have the capacity to sue or be sued." Cook v. Colquitt Cnty Bd. of Educ., 412 S.E.2d 828, 841 (Ga. 1992). "The only exception to this rule . . . is where the legislature creates a school board by an act which gives that board the capacity to sue or be sued." Id. There is no allegation that the Cobb County School Board falls within this exception. Thus, Plaintiff cannot state a plausible claim for relief against the Board and his proposed amendment is futile. Accordingly, Plaintiff's Second Motion to Amend [11] is **DENIED** and his First Motion to Amend [7] is **DENIED as moot.**

4

**II.     Defendants' Motion to Dismiss**

A.     Motion to Dismiss Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," mere labels and conclusions or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). However, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260

5

(11th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Furthermore, the court does not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

"The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." D.L. Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005); see also Fed. R. Civ. P. 12(d). However, documents attached to a complaint are considered part of the complaint. Fed. R. Civ. P. 10(c). Documents "need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, [the court] may consider such a document," provided it is central to the plaintiff's claim. D.L. Day, 400 F.3d at 1276. At the motion to dismiss phase, the Court may also consider "a document attached to a motion to dismiss . . . if the attached document is (1) central to the plaintiff's claim and (2) undisputed." Id. (citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002)). "'Undisputed' means that the authenticity of the document is not challenged." Id.

6

B.   Analysis[4]

1.   *Equal Protection Clause*[5]

The Equal Protection Clause protects an individual's right to be free from intentional discrimination by government entities. Under this clause, government officials must treat similarly situated people alike. Accordingly, to prevail on his equal protection claim, Plaintiff must show (1) that he was treated differently from other similarly situated individuals, and (2) that Defendants unequally applied the law for the purpose of discriminating against him. Campbell v. Rainbow City, 434 F.3d 1306, 1314 (11th Cir. 2006). Defendants argue, and the Court agrees, that Plaintiff has failed to allege sufficient facts to satisfy these elements.

---

[4] The Court acknowledges that Plaintiff's response brief was filed late. However, in the interest of resolving Defendants' motion on the merits and taking into account Plaintiff's pro se status, the Court will consider the arguments raised in Plaintiff's brief.

[5] As Defendants note, this claim is fashioned in the Complaint as a direct claim against CCSD based on the Fourteenth Amendment, not as a claim under 42 U.S.C. § 1983. Because Plaintiff cannot assert this cause of action against state officials based directly on the Constitution, the Court construes the claim as if it were raised under § 1983. See Williams v. Bennett, 689 F.2d 1370, 1390 (11th Cir. 1982) (With § 1983 Congress provided an adequate alternative remedial scheme for recovery against state officials for alleged violations of the eighth and fourteenth amendments).

AO 72A
(Rev.8/82)

The Complaint does not contain any allegation that similarly situated individuals were treated differently by CCSD. Indeed, the Complaint does not reference any similarly situated individuals. The Complaint is also devoid of any allegation of discriminatory intent by CCSD. Plaintiff does allege that Defendants "arbitrarily and capriciously dismissed him from the job," but this conclusory statement is insufficient to support his equal protection claim. Thus, this claim is **DISMISSED**.

### 2.  *Intentional Infliction of Emotional Distress*

To establish a claim for intentional infliction of emotion distress, Plaintiff must show: (1) Defendants' conduct was intentional or reckless, (2) Defendants' conduct was extreme and outrageous, (3) a causal connection between Defendants' conduct and his emotional distress, and (4) that his emotional distress was severe. Lockhart v. Marine Mfg. Corp., 635 S.E.2d 405, 407 (Ga. Ct. App. 2006). Defendants argue that Plaintiff has merely repeated the elements of this cause of action in his Complaint, but has not alleged any specific facts to support this claim. Again, the Court agrees with Defendants.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not satisfy Rule 8's pleading standard. Iqbal,

8

556 U.S. at 678.  Furthermore, legal conclusions couched as factual allegations are insufficient to survive a motion to dismiss.  Twombly, 550 U.S. at 555.  Plaintiff alleges that as a result of Defendants' actions, he was "filled with severe emotional distress and mental duress."  (Compl., [1-1] ¶ 18.)  He also asserts that the "conduct by Defendants is so outrageous that it is not tolerated by civilized society."  (Id. ¶ 22.)  He provides no details or factual support for these statements.  Therefore, Plaintiff has not stated a plausible claim for relief and this count is **DISMISSED**.

### 3. *Wrongful Termination*

Defendants and the Court perceive several defects in Plaintiff's wrongful termination claim.  Notably, Plaintiff has not alleged that he was ever hired by the CCSD.  Instead, he alleges that he was told to report for the paperwork process and then was told he was "disqualified" for the position because of his criminal background.  Plaintiff does not allege that any employment contract was executed between the Parties.

In his response brief, Plaintiff states: "prior to being *disqualified or not hired* by Defendants, the Human Resources Staff primarily stated that Plaintiff was hired, but there were some technical difficulties with Plaintiff's Application

9

online, specifically the job description code and general information on the application." (Pl.'s Resp., [13] at 2-3 of 5 (emphasis added).) Next, Plaintiff asserts that he received an "implied contract" from Defendants. (Id. at 3 of 5.) In support of this contention, Plaintiff points to two documents: (1) an Estimated Salary Information Form from the CCSD signed by Kiger on August 7, 2013; and (2) an Authorization to Report to Work signed by a CCSD human resources representative. ([13-1] at 9-10 of 10.) The Authorization to Report to Work indicates that Plaintiff was to report on August 13, 2013, but states that Plaintiff was "not eligible to report to work prior to [that] date." ([13-1] at 10 of 10.)

According to the Complaint, Plaintiff was told on August 12 that he was disqualified from the position and based on his own submission, at that time, Plaintiff was not eligible to report to work with the CCSD. Plaintiff also admits in his brief that he was disqualified or "not hired" by CCSD. In fact, the crux of Plaintiff's suit is that he was *not* hired by CCSD for "arbitrary and capricious" reasons. Therefore, Plaintiff has not stated a plausible claim for wrongful termination and the claim is **DISMISSED**.

10

### 4.   *Breach of Covenant of Good Faith and Fair Dealing*

As Defendants note, Plaintiff has not alleged a breach of contract claim. Rather, Plaintiff alleges that Defendants breached the duty of good faith and fair dealing when they refused to hire him.  "Although a duty of good faith and fair dealing is implied in every contract, this duty is contractual in nature and does not ordinarily give rise to tort liability."  ServiceMaster Co., L.P. v. Martin, 556 S.E.2d 517, 522 (Ga. Ct. App. 2001).  In other words, without an alleged contract between the Parties or an alleged breach of that contract, Plaintiff's claim that Defendants breached this duty cannot stand.  See U.S. Faucets, Inc. v. Home Depot U.S.A., Inc., No. 1:03-CV-1572-WSD, 2006 WL 1518887, at *5 (N.D. Ga. May 31, 2006) ("[T]he breach of the implied covenant of good faith and fair dealing cannot be asserted and does not survive independent of a claim for breach of contract.").  Therefore, again, Plaintiff has failed to allege sufficient facts to state a claim for relief and the claim is **DISMISSED.**

### 5.   *Damages*

Because his substantive claims are without merit, Plaintiff is not entitled to the compensatory or punitive damages he seeks.

11

AO 72A
(Rev.8/82)

## Conclusion

Based on the foregoing, Plaintiff's First Motion to Amend [7] is **DENIED as moot**, Plaintiff's Second Motion to Amend [11] is **DENIED**, and Defendants' Motion to Dismiss [2] is **GRANTED.** The Clerk is directed to close the case.

**SO ORDERED**, this 20th day of June, 2014.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)